UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID ANDERSON,

       Petitioner,                                    Hon. Janet T. Neff

v.                                                    Case No. 1:08-CV-986

RICARDO RIOS,

       Respondent.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Anderson's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Anderson's petition be transferred to the Sixth Circuit Court of Appeals.


**BACKGROUND**

On June 13, 2003, Petitioner pleaded guilty to one count of conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a), and 841(b). *United States v. Anderson*, dkt. #103, 148, case no. 1:02-cr-38 (W.D. Mich.). As part of his plea agreement, Petitioner acknowledged that he was responsible for up to ten pounds of methamphetamine, which corresponded to a base offense level of 34 under the Sentencing Guidelines. *Id.* at dkt. #103, 148. The Honorable Robert Holmes Bell accepted Petitioner's guilty

1

plea, but reserved ruling on whether to accept the plea agreement until after reviewing the Presentence Report. *Id.* at dkt. #148.

A probation officer subsequently reported that Petitioner refused to acknowledge the role that he played in the conspiracy and, moreover, acknowledged participating in the beating of a co-conspirator who failed to pay a drug debt. *Id.* at dkt. #179. The probation officer, therefore, recommended that Petitioner receive a two-point enhancement to his base offense level for obstruction of justice, as well as a two-point enhancement for possession of a dangerous weapon. The probation officer also recommended that Petitioner not be given any downward adjustment for acceptance of responsibility. The probation officer recommended that Petitioner's total offense level was properly scored as 41.

Petitioner objected to the Presentence Report. Following further negotiations between Petitioner and the government, Petitioner subsequently entered into a stipulation of additional facts. Specifically, Petitioner admitted that he had used a shovel to beat one of his co-conspirators for failure to pay a drug debt. Petitioner also acknowledged his role in the conspiracy. In return, the government neither argued for the two-point enhancement for obstruction of justice nor contested that Petitioner receive a downward adjustment for acceptance of responsibility. *Id.*

In light of the facts to which Petitioner stipulated, the Court found that Petitioner had possessed a dangerous weapon and was a manger or supervisor of a conspiracy involving five or more individuals, resulting in a five level enhancement to Petitioner's base offense level. *Id.* at dkt. #149. The Court also determined that Petitioner was entitled to a three level reduction for acceptance of responsibility. The Court concluded that Petitioner's total offense level was 36 which, along with one criminal history point, corresponded to a guideline sentencing range of 188 to 235

months. The Court sentenced Petitioner to 188 months in prison, as well as five years of supervised release. *Id.* Petitioner did not appeal his sentence, but later moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. *Id.* at dkt. #152. Petitioner's motion was denied on October 28, 2005. *Id.* at dkt. #179. Petitioner unsuccessfully appealed this determination to the Sixth Circuit. On October 20, 2008, Petitioner initiated the present action in which he seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.

## **ANALYSIS**

Petitioner brings the present action pursuant to 28 U.S.C. § 2241,[1] asserting that the Court, in fashioning his sentence, improperly imposed a five level enhancement to his base offense level based upon the supplemental facts to which he stipulated. Petitioner argues that his sentence is invalid because the facts to which he stipulated, and that form the basis for the five level enhancement, are not truthful. Petitioner requests that his current sentence be vacated and that the Court impose a new sentence based upon a proper calculation of the Sentencing Guidelines.

As is well recognized, however, § 2241 is not the appropriate basis for a prisoner to challenge the legality of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2241 is instead "appropriate for claims challenging the execution or manner in which the sentence is served." Where a federal prisoner seeks to challenge the legality of his sentence,

---

[1] As Respondent correctly observes, an action brought pursuant to 28 U.S.C. § 2241 must be initiated in the "district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802-03 (6th Cir. 2003). As Petitioner is presently incarcerated in Colorado, it would appear that the present action should be transferred to the United States District Court for the District of Colorado. As discussed herein, however, Anderson's petition is properly characterized as an action under 28 U.S.C. § 2255, which is properly asserted in this Court. *See* 28 U.S.C. § 2255(a) ("[a] prisoner in custody under sentence of a court. . .may move the court which imposed the sentence to vacate, set aside or correct the sentence").

3

such claims must be brought pursuant to 28 U.S.C. § 2255.[2] *Id.* The Court finds, therefore, that the present action is properly characterized as an action under 28 U.S.C. § 2255.

As is recognized, there exist "potentially serious consequences to recharacterizing a § 2241 petition as one being brought under § 2255 because once a petition is construed as being brought under § 2255, there are restrictions placed on a petitioner on filing a second or successive § 2255 petition." *Woody v. Marberry*, 178 Fed. Appx. 468, 473 (6th Cir., Apr. 25, 2006). Accordingly, the Supreme Court recently held that:

> We consequently hold, as almost every Court of Appeals has already held, that the lower courts' recharacterization powers are limited in the following way:
>
> The limitation applies when a court recharacterizes a pro se litigant's motion as a *first* § 2255 motion. In such circumstances the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If the court fails to do so, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro v. United States*, 540 U.S. 375, 383 (2003) (emphasis added).

This limitation does not apply in the present circumstance, however, as Petitioner has already filed his first § 2255 petition. *See. e.g.*, *United States v. McDonald*, 326 Fed. Appx. 880,

---

[2] The Court recognizes that there exists an exception to this general rule "if the petitioner can show that 'the remedy by motion [pursuant to 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." *Bannerman v. Snyder*, 325 F.3d 722, 723 (6th Cir. 2003). However, this exception "may only be applied when the petitioner makes a claim of actual innocence." *Id.* at 724. In this context, "actual innocence" means that Petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). As Petitioner is not asserting that he is actually innocent of the crime of which he was convicted, this exception is not presently applicable. Moreover, to the extent that Petitioner asserts that he is "actually innocent" of the stipulated facts on which the five level enhancement was based, the Court notes that Petitioner has no evidence that such is the case.

4

882 n.1 (6th Cir., Apr. 17, 2009) (recognizing that the concerns underlying the *Castro* holding "would not be present in the instant case because. . .McDonald's motion would not be his first § 2255 motion and he would already be required to seek permission from this Court to file a successive petition"); *Jones v. United States*, 2010 WL 1610588 at *1 (C.D. Ill., Apr. 21, 2010) ("the *Castro* case. . .applies only in regards to a warning that a district court must give a pro se petitioner about recharacterizing a filing as a *first* habeas petition"); *Okpala v. United States*, 2008 WL 192996 at *3 (N.D. Ga., Jan. 22, 2008) (recognizing that "courts following *Castro* have uniformly held that the *Castro* [Court's] warn-and-allow withdrawal approach does not apply to second or successive motions to vacate").

In other words, the Court is not recharacterizing Anderson's present action as his *first* § 2255 petition, but instead as a second or successive § 2255 petition. However, federal prisoners "only have the right to file one motion under § 2255; all subsequent § 2255 motions may only be filed by leave of the appropriate circuit court of appeals." *United States v. McDonald*, 326 Fed. Appx 880, 883-84 (6th Cir., Apr. 17, 2009); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . ."). Because Petitioner has not obtained authorization from the Sixth Circuit to file a second or successive § 2255 motion, this Court lacks jurisdiction to entertain the present action.

When a second or successive petition is filed in the district court without appellate authorization, the appropriate disposition is to transfer the case to the court of appeals pursuant to

28 U.S.C. § 1631. *See Craft v. United States*, 299 Fed Appx 507, 509 (6th Cir., Oct. 31, 2008); *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). The undersigned recommends, therefore, that the present action be transferred to the Sixth Circuit Court of Appeals.

Respectfully submitted,

Date: August 27, 2010  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

Objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).